NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

AMERICANA NURSING HOME & CON-
VALESCENT CENTER, INC.,
Respondent.

No. 71–1803.

United States Court of Appeals,
Fourth Circuit.

Argued Feb. 7, 1972.

Decided April 7, 1972.

Stanley Brown, Atty., N. L. R. B. (Peter G. Nash, Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, and Eugene B. Granof, Atty., N. L. R. B., on brief), for petitioner.

Stuart Rothman, Washington, D. C. (John H. C. Barron, Jr., and Royall, Koegel & Wells, Washington, D. C., on brief), for respondent.

Before BUTZNER, RUSSELL and FIELD, Circuit Judges.

PER CURIAM:

The National Labor Relations Board petitions for enforcement of an order di-

recting Americana Nursing Home and Convalescent Center, Inc. to enter into collective bargaining with Service Employees International Union AFL–CIO. Upon summary motion the Board found that the Employer had violated Section 8(a) (5) and (1) of the Act[1] by refusing to bargain with the Union which had been certified following a consent election. The Employer admits its refusal to bargain, but contends that the Board erred in summarily rejecting its challenge of the validity of the election without affording it a hearing on its objections.

The consent election was held on June 12, 1970, at which time seventy-two votes were cast in favor of the Union and only sixteen against it. The Employer filed objections to the conduct of the election, and pursuant to Section 102.69(c) of the Board's Rules and Regulations, the Regional Director conducted an administrative investigation and thereafter issued a report recommending that the Employer's objections be overruled and that the Union be certified. On October 8, 1970, the Board, after considering the record and the Employer's written exceptions, adopted the Regional Director's findings, conclusions and recommendations, stating that the objections of the Employer raised no material or substantial issues of fact or law which would warrant reversal.

While its Rules and Regulations[2] permit the Board to decide such a controversy on the record alone; nevertheless, if there are substantial and material issues of fact, then both due process and the Rules and Regulations require that a hearing be conducted. Conversely, there is no such requirement in the absence of substantial and material factual issues which are crucial to the determination of whether there has been prejudice to the fairness of the election. N.L.R.B. v. Bata Shoe Company, 377 F. 2d 821 (4 Cir. 1967).

The objections pressed by the Employer were confined to two incidents on the day of the election. The first involved Savoy and Ford, two recently discharged employees. The Employer alleged that they, together with the sister and mother of one of them, engaged in electioneering at the polling place. The Employer stated that "it is reported * * * that the alleged 'mother' was believed by some employees to be a union organizer." The Regional Director's report indicated that witnesses furnished by the Employer stated that the Savoy quartet was present in a corridor some thirty to a hundred feet from the cafeteria where the election was conducted and had conversed with various employees who had either voted or were about to vote. No one was in a position to testify as to the substance of any of the conversations, and it should be noted that both Savoy and Ford were eligible to vote in the election.

The Employer also stated in its objections that the Union, through its agents and representatives, entered the polling area numerous times for the purpose of intimidating and coercing employees and interfering with a free election. The only evidence in support of this objection was the statement of one employee witness to the effect that a Mrs. Duker, an employee who was eligible to vote, entered the polls on two occasions while the election was in progress. Mrs. Duker admitted that she had been active in espousing the cause of the Union, but stated that she entered the cafeteria on only one occasion and that was to cast her vote. The Regional Director took the position that it was unnecessary to resolve the question of whether Mrs. Duker entered the cafeteria a second time since there was no evidence that she was an agent of the Union or that she acted improperly on any occasion.

In its exceptions, the Employer did not charge the Savoy-Ford party with any acts of intimidation or coercion, but alleged that their mere presence interfered with a fair election. In regard to Mrs. Duker, the Employer contended

1. 29 U.S.C. § 151 et seq.

2. NLRB Rules & Regulations § 102.69(e).

that a hearing should have been granted on the question of her credibility, but there was no proffer of any evidence of improper conduct on her part.

We find no error in the Board's refusal to conduct a full evidentiary hearing in this case. It is incumbent upon the party seeking a hearing to demonstrate the existence of the factual issues and the exceptions must show what evidence will be presented to support a contrary finding or conclusion. · See N.L.R.B. v. Tennessee Packers, Inc., Frosty Morn Division, 379 F.2d 172 (6 Cir. 1967). No such specifications have been presented by the Employer in this case and, in any event, it is apparent that the alleged factual issues are not of such magnitude that they could be resolved only after a full hearing. See Intertype Company v. N.L.R.B., 401 F.2d 41, 44 (4 Cir. 1968).

The Board's order will be enforced.

Enforcement granted.